## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PIONEER HI-BRED INTERNATIONAL, INC.,**<br><br>　　　　**Plaintiff,**<br><br>　　　　**v.**<br><br>**DARRIN REED, et. al,**<br><br>　　　　**Defendants.** | **Case No. 24-CV-4001-JAR-BGS** |

## MEMORANDUM AND ORDER

Plaintiff Pioneer Hi-Bred International, Inc. ("Pioneer") brings suit against Defendants Darrin Reed ("Darrin") and Daymian Reed ("Daymian"). Pioneer asserts two breach of contract claims—one against Darrin and the other against Daymian. This matter comes before the Court on Defendants' Motion to Dismiss (Doc. 8) for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). They first contend that the claims against them should be severed, and once those claims are severed, they contend that the Court lacks subject matter jurisdiction because the amount in controversy as to each Defendant will not exceed $75,000. The motion is fully briefed, and the Court is prepared to rule. For the reasons set forth below, the Court grants in part and denies in part Defendants' motion.

## I.    Factual and Procedural Background

The following facts are alleged in the Complaint and assumed to be true for purposes of this motion. Pioneer is an agricultural company, located in Iowa, that produces, markets, and sells seeds to farmers. It engages with independent contractors to allow them to become authorized sales representatives for Pioneer products and earn commission for the sale of Pioneer products. These contracts are called Pioneer Sales Representative Agreements ("Representative

Agreements"). A sales representative who enters into a Representative Agreement is prohibited from serving as a sales representative for any of Pioneer's competitors without Pioneer's written permission.

Pioneer sales representative may also enter an additional contract with Pioneer to allow the sales representative to either lease or purchase a "bin system," which facilitates the warehousing and delivery of Pioneer seed products. These contracts are called Pioneer PROBulk System Sales Representative Agreements ("Equipment Agreements"). The bin systems are expensive and must be used exclusively with Pioneer seed products. Pioneer has an incentive program in which Pioneer may pay up to 75% of the cost for a sales representative to lease or purchase a bin system, subject to certain buy-back conditions if the sales representative stops representing Pioneer.

Darrin and Daymian are residents of Kansas. Darrin operates his seed sales business, Reed Seed & Feed, Inc., in Clay Center, Kansas. Daymian operates his seed sales business, Reed Seed Sales, Inc., in Clyde, Kansas. Darrin and Daymian's businesses do not share expenses, equipment, revenue, or profits.

Both Darrin and Daymian are former sales representatives for Pioneer who entered into Equipment Agreements with Pioneer. Darrin entered into two Equipment Agreements with Pioneer (the "Darrin Agreements"), dated January 5, 2010, and November 30, 2014. Daymian entered into four Equipment Agreements with Pioneer (the "Daymian Agreements"), dated November 9, 2009, December 30, 2013, October 10, 2014, and November 10, 2015. Pioneer paid 75% of the cost of the bin systems that Darrin and Daymian purchased.

Each Equipment Agreement contains a provision that title of the bin systems will be in the sales representative's name and that the sole and exclusive use of the bin systems will be for

2

storage and handling of solely Pioneer-brand bulk seed.  In addition, the Darrin Agreements and

Daymian Agreements provide that each agreement "shall terminate the earlier of (i) upon such

time as the payments set forth in paragraph 3 have been made, or (ii) termination resulting from a

breach of this Agreement (the 'Term')."[1]  Furthermore, Section 10 of the Equipment Agreements

provide that in the event the sales representative ceases to be a sales representative for Pioneer,

Pioneer has the right to purchase the equipment from the sales representative at 15% of the

original purchase price.

In October 2022, Darrin and Daymian were terminated as sales representatives by

Pioneer after Pioneer learned that Darrin and Daymian were also working for Pioneer's direct

competitor.  After these business relationships with both Darrin and Daymian ended, Pioneer

demanded that Darrin and Daymian allow Pioneer to purchase the bin systems at issue under the

terms of their Equipment Agreements.  Darrin and Daymian both refused to allow Pioneer to

purchase the bin systems.

Pioneer asserts a breach of contract claim against both Darrin and Daymian.  As to the

Darrin Agreements, Pioneer asserts that the original purchase price of the equipment was

$245,014.44.  Pioneer paid $198,760.84 of that price, and Darrin paid $46,253.60.  Pioneer

asserts that the 15% contractual right to buy-back the equipment equals $36,752.17, and Darrin

refuses to return the equipment.  In addition, Pioneer contends that the cost to replace the

equipment is approximately $446,800, and the fair market value exceeds $75,000.

As to the Daymian Agreements, Pioneer asserts that the original purchase price of the

equipment was $446,573.02.  Pioneer paid $334,929.77 of that price, and Daymian paid

$111,643.25.  Pioneer asserts that the 15% contractual right to buy-back the equipment equals

---

[1] *E.g.*, Doc. 1-2 at 2, ¶ 9(A) (the 2010 Darrin Agreement).

$66,985.95, and Daymian refuses to return the equipment.  In addition, Pioneer contends that the cost to replace the equipment is approximately $677,500, and the fair market value exceeds $75,000.

Pioneer seeks specific performance under the contracts.  If specific performance cannot be completed, Pioneer seeks money damages in either the greater of the amount Pioneer paid for the equipment or the replacement cost.

Defendants have now filed a Motion to Dismiss.  They first contend that the Court must sever the claims because Pioneer misjoined Defendants since Pioneer's right to relief does not arise out of the same transaction or series of transactions.  Defendants then argue that once the claims are severed, Pioneer's breach of contract claims against each Defendant do not satisfy the amount-in-controversy requirement under 28 U.S.C. § 1332, and thus must be dismissed. Pioneer argues that each claim satisfies the amount in controversy and that the claims should not be severed.

## II.      Legal Standard

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a claim where the court lacks subject matter jurisdiction.  Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.[2]  A court lacking jurisdiction must dismiss the claim, regardless of the stage of the proceeding, when it becomes apparent that

---

[2] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent.  They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1.") (citations omitted).

jurisdiction is lacking.[3]  The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[4]

A Rule 12(b)(1) motion can attack subject matter jurisdiction facially or factually.[5] Defendants attack the Complaint facially.  When reviewing a facial attack on subject matter jurisdiction, a district court must accept the allegations in the complaint as true.[6]

Jurisdiction based on diversity of citizenship exists when a dispute between citizens of different states involves an amount in controversy exceeding $75,000.[7]  In this case, it is undisputed that there is complete diversity between the parties.  The jurisdictional issue is whether the amount in controversy is met if the claims are severed.

"For purposes of determining the amount in controversy, the amount claimed by the plaintiff controls if the claim is apparently made in good faith."[8]  When the amount in controversy requirement is challenged, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."[9]  The party asserting jurisdiction bears the burden "to show it is not legally certain that the claim is less than the jurisdictional amount."[10]  "There is a strong presumption favoring the amount alleged by the plaintiff."[11]  Generally, dismissal is only warranted "where (1) a contract limits the possible

---

[3] *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

[4] *Montoya*, 296 F.3d at 955.

[5] *Audubon of Kan., Inc. v. U.S. Dep't of Interior*, 568 F. Supp. 3d 1167, 1174 (D. Kan. 2021).

[6] *Id.* (citing *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020)).

[7] 28 U.S.C. § 1332(a).

[8] *Alpine Atl. Asset Mgmt. AG v. Comstock*, 552 F. Supp. 2d 1268, 1273 (D. Kan. 2008) (first citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938); and then citing *Adams v. Reliance Std. Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000)).

[9] *Id.* (quoting *Adams*, 225 F.3d at 1183).

[10] *Id.* (citation omitted).

[11] *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003).

recovery, (2) the law limits the amount recoverable, or (3) the plaintiff commits an obvious abuse of federal court jurisdiction."[12]

Defendants request severance as a threshold matter, invoking Federal Rules of Civil Procedure 20(a)(2) and 21. Federal Rule of Civil Procedure 20(a)(2) permits joinder of defendants if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."[13] This rule is to be construed broadly.[14] Pursuant to Fed. R. Civ. P. 21, "[m]isjoinder of parties is not a ground for dismissing an action."[15] Instead, the Court may drop a party or sever any claim.[16]

## III.   Discussion

Defendants first seek to sever the claims on the basis of misjoinder. They then argue that once the claims are severed, the Court lacks jurisdiction because the amount in controversy for each Defendant does not exceed $75,000. Thus, Defendants ultimately seek dismissal.

As noted above, Fed. R. Civ. P. 20(a)(2) allows permissive joinder if the right to relief arises from the same transaction or same series of transactions and there are common questions of law and fact.[17] The parties agree that questions of law or fact common to Defendants will

---

[12] *Alpine*, 552 F. Supp. 2d at 1274 (citing *Woodmen*, 342 F.3d at 1216–17).

[13] Fed. R. Civ. P. 20(a)(2).

[14] *DIRECTV, Inc. v. Barrett*, 220 F.R.D. 630, 631 (D. Kan. 2004) (citing *Biglow v. Boeing Co.*, 201 F.R.D. 519, 520 (D. Kan. 2001)).

[15] Fed. R. Civ. P. 21.

[16] *Id.*; *see also DIRECTV*, 220 F.R.D. at 631.

[17] Fed. R. Civ. P. 20(a)(2).

arise in the action.  They disagree, however, as to whether the right to relief arises out of the same transaction or series of transactions.

"'Transaction' is a word of flexible meaning.  It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship."[18]  "Claims share a logical connection when 'the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expenses to the parties and to the court.'"[19]  "The purpose of Rule 20(a) is 'to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'"[20]  "[T]he impulse is toward entertaining the broadest possible scope of action consistent with fairness toward the parties; joinder of claims, parties, and remedies is strongly encouraged."[21]

Defendants argue that they operate their businesses separately, and they cannot be held jointly or severally liable under the Equipment Agreements.  In addition, Defendants contend that the claims do not arise out of the same transaction or series of transactions because each Defendant entered into and signed their Equipment Agreements with Plaintiff at different times.  Plaintiff asserts that Defendants are properly joined, as the facts underlying Plaintiff's breach of contract claims against Defendants arise from the same general conduct—Defendants' failure to sell their respective sets of equipment.  In addition, Plaintiff states that the Court's analysis will

---

[18] *DIRECTV*, 220 F.R.D. at 631 (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)).

[19] *Morgan v. City of Overland Park*, No. 21-2150-DDC-KGG, 2021 WL 4804309, at *2 (D. Kan. Oct. 14, 2021) (quoting *Perkins v. Rent-A-Center, Inc.*, No. 04-2019-GTV, 2004 WL 2182190, at *3 (D. Kan. Sept. 21, 2004)).

[20] *DIRECTV*, 220 F.R.D. at 631 (quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Practice & Procedure § 1652 (3d ed. 2001)).

[21] *Finke v. Ensign Grp., Inc.*, No. 19-2056-DDC-KGG, 2019 WL 4013885, at *1 (D. Kan. Aug. 26, 2019) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).

be the same under each contract because the same contractual provisions are allegedly being breached.

Here, there are separate agreements between each Defendant and Pioneer.  These agreements were entered by each Defendant on different dates with Pioneer.  Darrin entered into two Equipment Agreements with Pioneer in 2010 and 2014, and Daymian entered into four Equipment Agreements with Pioneer in 2009, 2013, 2014, and 2015.  Each Defendant runs a separate business in a separate location.  Pioneer cannot receive relief from Darrin for Daymian's breach of contract, and Pioneer cannot receive relief from Daymian for Darrin's breach of contract.  And the Court will have to consider each contract separately to determine the alleged amount due to Pioneer.  In sum, although the agreements are nearly identical, the right to relief does not arise from the same transaction or the same series of transactions.  Thus, these claims should be severed.

Once these claims are severed, the Court must consider whether Pioneer meets the amount-in-controversy threshold of $75,000.  The buy-back provision in Darrin's contract is $36,752.17, and the buy-back provision in Daymian's contract is $66,985.95.  These amounts are both less than the required amount-in-controversy.  Pioneer, however, also seeks alternative damages measured by the replacement value or the fair market value of the equipment.  Pioneer alleges that the replacement value of Darrin's equipment is $446,800, and the replacement value of Daymian's equipment is $677,500.  In addition, Pioneer contends that the fair market value of both Darrin's and Daymian's equipment exceeds $75,000.  Thus, Pioneer shows that it is not legally certain that the claims are less than $75,000, and Pioneer's Complaint meets the amount-in-controversy as to each Defendant.  Accordingly, because the parties are diverse and the

amount-in-controversy is met for each Defendant, diversity jurisdiction is established, and Defendants' request for dismissal under Rule 12(b)(1) is inappropriate.

In sum, the Court grants Defendants' request to sever the claims. The Court, however, finds that each claim meets the amount-in-controversy requirement, and thus denies Defendants' request for dismissal under Rule 12(b)(1).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc. 8) is **granted in part** and **denied in part**. The Court **grants** Defendants' request to sever Defendants. The Court, however, finds that the claims against each Defendant meet the amount-in-controversy requirement, and thus **denies** Defendants' request for dismissal under Rule 12(b)(1). The Court will sever Pioneer's claim against Daymian Reed from this case.

**IT IS FURTHER ORDERED** that Pioneer shall file, by May 9, 2024, a notice designating which documents in Case No. 5:24-CV-4001-JAR-BGS pertain to Daymian Reed, and thus should be filed in the new case. The Court will review this notice and direct the Clerk to open a new case between Pioneer and Daymian Reed with the appropriate designated documents.

**IT IS SO ORDERED.**

Dated: May 2, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE